UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JAMES ALDERMAN,

    Plaintiff,

v.

MERCANTILE ADJUSTMENT BUREAU, LLC,
*a New York Limited Liability Company,*

    Defendant.
_____/

## COMPLAINT

1.    Plaintiff, James Alderman, alleges violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. §1692 et seq. ("*FDCPA*").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

3.    Plaintiff, James Alderman ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4.    Defendant, Mercantile Adjustment Bureau, LLC ("Defendant"), is a New York Limited Liability Company engaged in the business of collecting consumer debts, which operates from offices located at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York 14221.

5.    Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt.

1

6. Defendant is licensed in the State of Florida as a consumer collection agency, license number CCA0800231.

7. Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

8. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was a delinquent credit card debt with USAA Savings Bank.

10. On March 10, 2017, Defendant left a voice message on Plaintiff's telephone (the "Voice Message").

11. The Voice Message stated: "Good morning my name is Don McCleary. I'm trying to get ahold of James Alderman. If I can get a return call please to 877-803-7062. Thank you."

12. The Voice Message did not identify that the call was from a debt collector.

13. *15 U.S.C §1692e(11)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Emphasis added.

14. *15 U.S.C. §1692d(6)* states:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(6) Except as provided in section *1692b* of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15. Defendant's Voice Message omits that the Voice Message was from a debt collector in violation of *15 U.S.C. §1692e(11)*.

16. Defendant's Voice Message fails to provide meaningful disclosure of the caller's identity in violation of *15 U.S.C. §1692d(6)*.

17. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## **COUNT I**

## **VIOLATION OF *15 U.S.C. §1692e(11)***

18. Plaintiff re-alleges Paragraphs 1 through 17.

19. *15 U.S.C. §1692e(11)* states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

xxxx

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial communication, that the debt

>   collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Emphasis added.

20. Defendant left at least one voice message directed to Plaintiff in an attempt to collect a consumer debt.

21. The Voice Message omitted that the call was from a debt collector and did not identify the name of the debt collection company.

22. Defendant's failure to identify in the Voice Message that it was a debt collector is a violation of *15 U.S.C. §1692e(11)*.

23. Defendant's Voice Message would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as they would not know the identity of the company that the caller worked for or that the call was from a debt collector.

24. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

25. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## COUNT II

## VIOLATION OF *15 U.S.C. §1692d(6)*

26. Plaintiff re-alleges Paragraphs 1 through 17 and 19 through 23.

27. *15 U.S.C. §1692d(6)* states:

>   A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the

4

general application of the foregoing, the following conduct is a violation of this section:

xxxx

(6) Except as provided in section *1692b* of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

28. Defendant placed at least one telephone call to Plaintiff and left at least one voice message for Plaintiff in an attempt to collect a consumer debt.

29. The Voice Message did not provide meaningful disclosure of the caller's identity, i.e., that the call was from a debt collector, nor was the name of the debt collection company given.

30. Defendant's failure to provide meaningful disclosure of its identity in the Voice Message is a violation of *15 U.S.C. §1692d(6)*.

31. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

32. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor against Defendant for:

a. An award of statutory damages for Plaintiff pursuant to *15 U.S.C. §1692k* for all claims;

b. An award of attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

Dated: April 5, 2017.

Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile:   772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*